No. 20,586.

CENTENNIAL PROPERTIES, INC., *v.* THE BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, ET AL.

(390 P. [2d] 479)

Decided February 17, 1964.

Messrs. GALLIGAN and FOLEY, for plaintiff in error.

Mr. RICHARD D. DITTEMORE, Mr. J. FRED SCHNEIDER, Mr. RONALD LEE COOKE, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, hereinafter designated as Centennial, is here on writ of error to review a judgment of the district court of Arapahoe county by which it was decreed that Centennial was not entitled to recover the

sum of $20,034.28 paid by it as ad valorem taxes on certain real estate assessed in its name during the years 1951 through 1959, inclusive.

The action is a companion case to one entitled *Centennial Properties, Inc., v. City of Littleton,* No. 20449, in this court in which our opinion is announced simultaneously herewith. The instant action involves the construction of the same warranty deed which was involved in the above mentioned litigation.

█ Centennial concedes that this action should be dismissed in the event that we determine the issues in *Centennial v. Littleton,* supra, as contended for by it. In that case Centennial claimed to be the owner of property in fee simple, and that certain clauses contained in the deed calling for a reversion of the land and improvements to the city of Littleton, were void. The trial court adjudged that the fee title to the described real estate remained in the city of Littleton, and thereupon this action was commenced to recover taxes which had theretofore been paid by Centennial under the belief that it was the owner of this property. For a full understanding of the controversy reference is made to our opinion in *Centennial v. Littleton,* supra. In that opinion we held that Centennial was the owner of the fee title to the property during the years for which ad valorem taxes thereon were paid by it. Counsel for Centennial state in their brief:

"Centennial concedes that this action should be dismissed if the trial court erred in determining that the City of Littleton owned the fee."

We have so held, and the writ of error in this action accordingly is dismissed.

Mr. Justice Day not participating.